## DANE & *al. versus* TREAT.

The Judge has the right to direct in what stage of the case, a party shall introduce his testimony ; and to enforce a notice upon him that, if he stop, he will be precluded from afterwards presenting further evidence of a cumulative character.

A party, after having once stopped in the introduction of his testimony, has the right, in any subsequent stage of the case, to introduce further evidence, though merely cumulative in its character, *unless* before having stopped he was notified that *such* testimony would not subsequently be received.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

ASSUMPSIT for some patented machinery, put by the plaintiffs into the defendant's mill.

The defence was, that the defendant had never accepted the machinery, and that, in fact, it was of no value.

After the introduction and examination by the plaintiffs of many witnesses, the defendant moved for a nonsuit, which the Judge declined to order. The defendant then called several witnesses, and after having examined them, announced that he should " stop here."

The plaintiffs then read three depositions, tending to show that the machinery was of value.

The defendant then offered to read two depositions, to show that it was of no value. The plaintiffs objected to the admission of these depositions, " *at this stage of the case,* as they offered cumulative testimony only on a point which the defendant had raised, and to support which he had introduced evidence, before announcing that he should stop in the defence." The objection was sustained. The depositions were excluded, and the defendant excepted.

*Poor & Adams,* for the defendant.

*Fox,* for the plaintiffs.

WELLS, J. — It appears by the exceptions, that the defendant introduced testimony pertinent to his defence, and rested his case, announcing that he would stop. The plaintiffs then read several depositions responsive to the defence, and as appears by the exceptions, a part of the same testimony also tended to support the ground taken by them in the opening of their case. The defendant then offered depositions containing cumulative testimony in addition to that previously introduced by him, and they were rejected.

It has not been the practice in this State to preclude a party, that has once stopped in the introduction of his evidence, from presenting further testimony of a cumulative character, or even upon some new point pertinent to the issue. Nor is it perceived that justice or convenience requires a change of the course heretofore pursued.

The adoption of such a rule would have shut out the plaintiffs from the benefit of some of the facts stated in their de-

positions after they had once stopped, and the defendant had entered upon his defence, for some of the same facts contained in their depositions were not only calculated to answer those of the defendant, but were also cumulative, and in corroboration of what they had previously proved. The presiding Judge would undoubtedly have power to direct a party when to introduce his testimony, and to enforce a notice to him, that if he stopped, he could not afterwards be permitted to present any further testimony. Such power is necessary to the proper order and guidance of a trial. But a party might very well understand, that the ordinary course would be followed, unless such notice was given. The defendant therefore, ought to have been permitted to introduce his depositions.                    *Exceptions sustained.*

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.